IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>RONALD LEE MORGAN<br><br>Debtor.<br>_____<br><br>RONALD LEE MORGAN<br><br>Appellant.<br><br>v.<br><br>DANIEL C. BRUTON,<br>Chapter 7 Trustee for Ronald Lee Morgan,<br><br>Appellee.<br>_____ | 1:21CV891-LCB |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Debtor Ronald Lee Morgan's appeal of a final Order of the United States Bankruptcy Court for the Middle District of North Carolina, entered on November 4, 2021. (ECF No. 2.) For the reasons stated herein, the Bankruptcy Court's Order will be affirmed.

**I.     BACKGROUND**

Morgan filed for Chapter 7 bankruptcy on July 16, 2021. (ECF No. 6-2.) He listed among his property a home located at 3301 Mayfield Court, Winston-Salem, North Carolina (the "Property"), which he and wife own together as tenants by the entirety. (*Id.* at 10.)

Morgan's wife did not file for bankruptcy. The Property has a tax value of $313,500 and is encumbered by a $329,000 deed of trust loan owned by Calibur Home Loans ("Calibur"). (*Id.* at 21.) Morgan and his non-filing spouse are both liable for the Calibur loan. (*Id.* at 30.) Morgan additionally owes the IRS $18,000. (*Id.* at 24.) Morgan's spouse is not liable for the IRS debt. (*Id.* at 30.)

Morgan listed the Property as exempt under 11 U.S.C. § 522(b)(3)(B) and North Carolina law. (*Id.* at 17.) The Trustee objected to this exemption. (ECF No. 6-3.) The Trustee argued that, although "tenancy by the entireties property is generally exempt from execution by creditors of only one spouse (as opposed to creditors of both spouses)" under North Carolina law, "that rule does not apply to tax obligations owing to the United States." (*Id.* ¶ 9.) The Bankruptcy Court agreed and "disallowe[ed] the exemption, but only as to the IRS debt and any joint-creditors of both the Debtor and his non-filing spouse." (ECF No. 6-10 at 7–8.) Morgan then appealed the Bankruptcy Court's Order with respect to the IRS debt. (ECF Nos 1; 2.)

## II. STANDARD OF REVIEW

This Court reviews the Bankruptcy Court's application of the law *de novo*. *In re Stanley*, 66 F.3d 664, 667 (4th Cir. 1995). This Court reviews findings of fact made by the Bankruptcy Court for clear error. *Id.* "A finding is clearly erroneous if no evidence in the record supports it or 'when, even though there is some evidence to support the finding, the reviewing court, on review of the record, is left with a definite and firm conviction that a mistake has been made in the finding.'" *Consol. Coal Co. v. Loc. 1643, United Mine Workers of Am.*, 48 F.3d 125, 128 (4th Cir. 1995) (quoting *Pizzeria Uno Corp. v. Temple*, 747 F.2d 1522, 1526 (4th Cir.1984)).

## III. DISCUSSION

The issue on appeal is straightforward: can Morgan exempt the Property from the bankruptcy estate with respect to the IRS debt? Commencement of a bankruptcy case creates a bankruptcy estate to include "all legal or equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). A bankruptcy estate "includes . . . interest in entireties property" even when only one spouse has filed bankruptcy. *In re Cordova*, 73 F.3d 38, 40 (4th Cir. 1996). However, a debtor may exempt from the bankruptcy estate "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety . . . to the extent that such interest . . . is exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(3)(B). "Applicable nonbankruptcy law" includes both state *and* federal law. *Patterson v. Shumate*, 504 U.S. 753, 758 (1992); *In re Moore*, 907 F.2d 1476, 1477 (4th Cir. 1990) ("'Applicable nonbankruptcy law' means precisely what it says: all laws, state and federal. . . .").

Under North Carolina law, property held in a tenancy by the entirety is exempt from the claims of non-joint creditors. *Grabenhofer v. Garrett*, 131 S.E.2d 675, 677 (1963). Such property is not exempt under the U.S. Tax Code, however. *United States v. Craft*, 535 U.S. 274, 283 (2002). The United States Secretary of the Treasury has the authority to collect federal taxes. 26 U.S.C. § 6301. The IRS may demand due taxes, and if the liable party neglects or refuses to pay, the amount "shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." § 6321. In *Craft*, the

3

U.S. Supreme Court held that such a lien attaches to entireties property even if only one spouse is liable for the tax debt.[1] *Craft*, 535 U.S. at 283.

Here, Morgan owes $18,000 to the IRS. Such debt could have been assessed against the Property, notwithstanding that Morgan's spouse was not jointly liable for the tax burden. Absent bankruptcy, the IRS would have been able to obtain a lien against Morgan's interest in the Property under applicable nonbankruptcy federal law. The Bankruptcy Court was therefore correct to disallow the exemption with respect to the IRS debt.

Morgan argues that his Property is exempt because the IRS does not actually have a lien on the Property. (ECF No. 13 at 12–17.) A federal tax debt becomes a lien when "any person liable to pay any tax neglects or refuses to pay the same *after demand*." § 6321 (emphasis added). There is no evidence in the record that the IRS issued a demand in this case, and thus, no lien ever formed. However, Section 522(b)(3)(B) of the bankruptcy code does not require a creditor to have an established lien. *See Sumy v. Schlossberg*, 777 F.2d 921, 928 n.14 (4th Cir. 1985). In *Sumy*, the Fourth Circuit held that "joint creditors need not obtain or already possess a . . . lien against their entireties property" in order to prevent the debtor from exempting the property from the bankruptcy estate under Section 522(b)(3)(B). *Id.* "[T]he absence of a judgment or lien has no bearing on the hypothetical issue of whether the debtor's interest would be exempt from process under state law." *Id.* The same logic applies here. Morgan

---

[1] *Craft* analyzed a Michigan law governing entireties property that is materially identical to North Carolina law. The Supreme Court held that the debtor's entireties interest constituted "property" under the Tax Code where he had "some of the most essential property rights: the right to use the property, to receive income produced by it, and to exclude others from it," as well as to alienate the property with his wife's consent." *Craft*, 535 U.S. at 283. North Carolina similarly grants individuals "an equal right to the control, use, possession, and income from property held by them as tenants by the entirety," and the right to transfer with the written joinder of their spouse. N.C. Gen. Stat. § 41-58(a)–(b). Thus, this Court finds *Craft* controlling in this case.

4

owed the IRS, and his interest in the Property would have been subject to process had the IRS demanded repayment. The absence of a lien has no bearing on whether Morgan's interest would be exempt from process by the IRS under the federal Tax Code.

Alternatively, Morgan argues that even if the Property is not exempt from the bankruptcy estate under Section 522(b)(3)(B), the Trustee nevertheless lacks authority to "access" the Property "because the Trustee lacks the statutory ability to assume the collection powers of the IRS." (ECF No. 13 at 17–23.) He argues that Section 544(a) "governs the lien rights of Bankruptcy Trustees and restricts their powers to those of judicial lien creditors, as opposed to statutory creditors such as the IRS." (*Id.* at 17.)

This argument confuses the issue. Section 544(a), known as the strong arm clause, "empowers the trustee to avoid certain prebankruptcy transfers by a debtor that could have been avoided by certain types of creditors or a bona fide purchaser, *whether or not such creditors or a bona fide purchaser actually exist*." 5 Collier on Bankruptcy ¶ 544.01 (16th 2022). Nothing in Section 544(a) exempts otherwise nonexempt property from the bankruptcy estate or limits the power of the trustee to "collect and reduce to money" the nonexempt property of the estate to pay *actual* creditors. *See* § 704(a)(1); *see also* § 363(b)(1) ("The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."); *see also, In re Jordan*, 624 B.R. 147, 155 (Bankr. D.S.C. 2020) ("The trustee is not limited to only the rights of judgment creditors. . . . The trustee is entitled to reach [nonexempt properties of the estate] and distribute them to the debtors' creditors."). As discussed, the sole issue on appeal is whether the Property is exempt from the bankruptcy estate as it relates to the IRS debt. The Bankruptcy Court below explicitly made "no findings as to the propriety

5

Case 1:21-cv-00891-LCB    Document 19    Filed 08/12/22    Page 5 of 7

of selling the Property." (ECF No. 6-10 at 7 n.4.) As Section 544(a) has no bearing on whether the Property is exempt, Morgan's argument is inapposite.

Morgan's reliance on *Schlossberg v. Barney*, 380 F.3d 174 (2004), and *In re Knapp*, 285 B.R. 176 (Bankr. M.D.N.C. 2002), is likewise unpersuasive. In those cases, the trustees argued that Section 544 grants them the expansive powers held by the IRS to attach entireties property even when the IRS is not a creditor. The Fourth Circuit held that a trustee may not invoke the IRS's "'sovereign prerogative' to attach property that ordinary secured creditors could not reach," as such power "would eviscerate the exemption for tenancies by the entireties that the Bankruptcy Code explicitly recognizes." *Schlossberg*, 380 F.3d at 181–82 (2004). Section 544 therefore does not grant trustees the power to "assert the rights of a hypothetical federal tax lien holder." *Id.* at 182; *see Knapp*, 285 B.R. at 183 ("In that *there is not a federal tax creditor in this case*, the Court finds that the Debtor properly exempted his entireties property." (emphasis added)). Here, however, the IRS is a creditor in this case. Thus, the Trustee is not seeking to exercise his Section 544 powers or step into the shoes of the IRS, but rather use his ordinary powers to collect the property of the estate. As discussed, whether the Property is exempt from the estate is governed by Section 522(b)(3)(B), not Section 544. *Schlossberg* and *Knapp* are therefore not on point.

### IV. CONCLUSION

The sole issue on appeal is whether the Property is exempt from the bankruptcy estate with respect to the IRS debt. The Court finds that the Property is not exempt under Section 522(b)(3)(B). Section 544(a) is not applicable to this case. Thus, the Court will affirm the Bankruptcy Court's conclusion that the Property is not exempt from the bankruptcy estate

6

with respect to debt owed to the IRS and to joint creditors. As the Bankruptcy Court has not addressed whether the Property may be sold, this Court offers no opinion on that subsequent issue.

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that the Bankruptcy Court's Order Sustaining Trustee's Objection to Exemption, (ECF No. 6-10), is **AFFIRMED**.

This, the 12th day of August 2022.

/s/ Loretta C. Biggs
United States District Judge